## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") between Krystle Rivera ("Ms. Rivera") and CVS Pharmacy, Inc. ("CVS") is made as of the date this Agreement is signed by Ms. Rivera.

WHEREAS, Ms. Rivera filed a Complaint against CVS Pharmacy, Inc., which is presently pending in the United States District Court, District of Connecticut, Case No. 3:13-cv-01032-JCH (the "Lawsuit");

WHEREAS, the parties acknowledge that a bona fide dispute exists as to whether CVS is liable to Ms. Rivera for unpaid wages in violation of the Fair Labor Standards Act ("FLSA") and if so, the amount of damages allegedly owed to Ms. Rivera;

WHEREAS, CVS denies the allegations in the Lawsuit and denies that it is liable for any other claims alleged by Ms. Rivera; and

WHEREAS, Ms. Rivera and CVS mutually desire to resolve all of their disputes;

NOW THEREFORE, in consideration of the foregoing, and of the promises and mutual covenants herein contained, CVS and Ms. Rivera agree as follows:

1.  **SETTLEMENT PAYMENT** - In consideration for Ms. Rivera's agreement to all of the terms, conditions and promises in this Agreement, CVS agrees to pay the gross total sum of Twenty Seven Thousand Five Hundred Dollars and No Cents ($27,500.00) (the "Settlement Payment"), inclusive of any and all costs and attorneys' fees incurred. The Settlement Payment shall be paid by two checks. The first check will be payable to "Krystle Rivera" in the gross amount of Seventeen Thousand Five Hundred Dollars and No Cents ($17,500.00), less any applicable federal, state and local taxes, and will be reported to Ms. Rivera on Internal Revenue Service Form W-2. The second check will be payable to Ms. Rivera's attorneys, Rome McGuigan, P.C., in the amount of Ten Thousand Dollars and No Cents ($10,000.00), for attorneys' fees, costs, and disbursements. CVS agrees to deliver the aforementioned checks to Ms. Rivera's attorney within 30 days of the delivery to CVS of (a) this Agreement, executed with Ms. Rivera's original signature and the date of execution, and (b) an Order of the Court approving the settlement of Ms. Rivera's FLSA claim(s), and (c) a Stipulation of Dismissal With Prejudice of the Lawsuit, signed by Ms. Rivera's attorneys. The parties agree that the portion of the Settlement Payment paid by the second check described above shall be reported on Internal Revenue Service Form(s) 1099. The parties agree that no part of any payments by CVS pursuant to this Agreement constitutes (a) a fine or penalty under any law or (b) a payment to settle any actual or potential liability for a fine or penalty under any law.

2.  **TAX LIABILITY** - Ms. Rivera agrees that she shall be liable for the payment of all federal, state, and local taxes which may be due as the result of the consideration received in the Settlement Payment described above, and that the payment is made for the settlement of disputed claims as set forth herein. Ms. Rivera represents that she shall pay such taxes at the time and in

the amount required by law. In addition, Ms. Rivera agrees fully to defend, indemnify and hold CVS, and each of its divisions, affiliates, parents, subsidiaries and operating companies, and the respective officers, directors, employees, agents and affiliates of each of them, harmless from any liability for payment of taxes, penalties, withholding obligations and interest that are required of her by any government agency at any time as the result of the payment of the consideration set forth herein. In addition, Ms. Rivera agrees fully to defend, indemnify and hold CVS, and each of its divisions, affiliates, subsidiaries and operating companies, and the respective officers, directors, employees, agents and affiliates of each of them, harmless from and against any taxes, penalties, withholding obligations, interest, costs and expenses, including reasonable attorneys' fees, incurred as a result of the IRS or any state or local taxing authority making a claim with respect to the Settlement Payment, or any portion thereof.

3.   **TERMINATION OF EMPLOYMENT** – CVS and Ms. Rivera agree mutually agree that Ms. Rivera's employment will be terminated as of the date she signs this Agreement. It is understood that CVS will take actions in reliance on the termination of Ms. Rivera's employment and that it will be irrevocable.

4.   **UNEMPLOYMENT BENEFITS** – CVS agrees that in the event Ms. Rivera files a claim for unemployment benefits, it will not contest said claim for benefits. Ms. Rivera acknowledges and agrees that CVS cannot guarantee her receipt of said benefits as the decision whether to grant unemployment benefits rests solely with the state unemployment agency.

5.   **DISMISSAL OF LAWSUIT WITH PREJUDICE** – Ms. Rivera represents that, other than the Lawsuit, she is not a party in any pending administrative charge, lawsuit, civil action or claim of any kind against CVS or any of its subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Ms. Rivera agrees to promptly dismiss the Lawsuit with prejudice, without costs, and waiving all rights of appeal, and further agrees to take all steps reasonably necessary to facilitate the dismissal with prejudice of the Lawsuit.

6.   **SUFFICIENCY OF CONSIDERATION** – Ms. Rivera agrees that the Settlement Payment is good and valuable consideration for the general release and the other promises and terms in this Agreement. Ms. Rivera understands and agrees that she is not eligible for or entitled to any payments, wages, benefits or remuneration from CVS or any of its subsidiaries, except as provided in this Agreement.

7.   **RELEASE(S)** – Ms. Rivera hereby releases and forever discharges CVS Pharmacy, Inc. and each of its divisions, affiliates, parents, subsidiaries and operating companies (including, but not limited to, CVS Caremark Corporation and Connecticut CVS Pharmacy, L.L.C.), and the respective officers, directors, employees, agents and affiliates of each of them (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys' fees against the Released Parties, whether known or unknown, which Ms. Rivera ever had, now has or which Ms. Rivera or her heirs, executors, administrators, successors or assigns may have prior to the date this Agreement is signed by Ms. Rivera, due to any matter whatsoever relating to her employment,

compensation, benefits, and/or termination of her employment with CVS or any of its subsidiaries (collectively, the "Released Claims"), except claims arising under the Connecticut Workers' Compensation Act, Connecticut General Statutes Chapter 568. The Released Claims include, but are not limited to, any claim that any of the Released Parties violated Connecticut General Statute Section 46a-60, *et seq.*, the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, Sections 1981 through 1988 of Title 42 of the United States Code, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, the Immigration Reform Control Act, the Americans with Disabilities Act, and/or the Occupational Safety and Health Act; any claim that any of the Released Parties violated any other federal, state or local statute, law, regulation or ordinance; any claim of unlawful discrimination of any kind; any public policy, contract, tort, or common law claim; any claim concerning stock, stock options, or a stock or stock option agreement; any claim that was or could have been asserted in the Lawsuit; and any claim for costs, fees, or other expenses, including, but not limited to, attorneys' fees incurred in these matters.

8.    **EMPLOYEE MEDICARE DECLARATION** – Ms. Rivera declares under the pains and penalties of perjury under the laws of the State of Connecticut that: (a) she is not currently entitled to Medicare; and (b) none of the treatment she received for the injury or injuries claimed in this lawsuit, or related to the incident giving rise to this lawsuit, or released in this agreement were or will be submitted to, or paid for by, Medicare.

9.    **COURT APPROVAL OF FLSA RELEASE** – Ms. Rivera agrees to jointly file a motion with CVS to seek the Court's approval of the waiver and release of her FLSA claim. The parties agree that a joint motion for Court approval of the waiver and release of the FLSA claim should be filed as soon as possible.

10.   **COVENANT NOT TO SUE** – Ms. Rivera agrees not to file or initiate a lawsuit in any court or initiate an arbitration proceeding asserting any of the Released Claims against any of the Released Parties. Ms. Rivera further agrees that she will not permit herself to be a member of any class in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that she may not waive a claim released by this Agreement, she will not accept or be entitled to any money damages or other relief in connection with any other action or proceeding asserting any of the Released Claims against any of the Released Parties. Ms. Rivera agrees to reimburse CVS for any legal fees that CVS incurs as a result of any breach of this paragraph by Ms. Rivera.

11.   **NO FUTURE EMPLOYMENT** – Ms. Rivera hereby acknowledges, understands and agrees that, upon the termination of her employment as described in paragraph 3 above, she will no longer be employed by CVS and that she will not be considered for employment by CVS or any of its parents, subsidiaries, divisions or affiliate corporations in the future. Ms. Rivera hereby covenants that she shall not apply for or otherwise seek employment with CVS or any of its parents, subsidiaries, divisions or affiliate corporations. Ms. Rivera also agrees that, in the event she is employed by any company that is acquired by CVS or any of its parents, subsidiaries, divisions or affiliate corporations, she will immediately notify CVS of any existing claim,

complaint, or cause of action against the acquired company, including, but not limited to, any claim for allegedly unpaid wages.

Ms. Rivera also agrees that, in the event she is subsequently employed by any entity that is acquired by CVS or any of its parents, subsidiaries, divisions or affiliate corporations, she will submit any claim, complaint or grievance that she may have regarding the terms and conditions of her past or present employment (including, but not limited to, any claim for alleged unpaid wages) to CVS's Human Resources Department before she commences any formal legal action. The purpose of first submitting any claim Ms. Rivera may have to CVS's Human Resources Department is to provide CVS with a reasonable opportunity to cure the dispute, and Ms. Rivera therefore agrees that she will not file or commence any claim or cause or action, in any forum, without first providing CVS with such opportunity to cure.

To the extent CVS does not cure the dispute, and Ms. Rivera chooses to pursue her claim or cause of action further, she understands and agrees that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute, and that she may not join any such claim or dispute with the dispute of another employee in a class, collective or group action. Arbitration under this agreement is limited to individual disputes, claims or controversies that a court of law would be authorized or have jurisdiction over to grant relief, and by agreeing to the use of arbitration to resolve her dispute, both CVS and Ms. Rivera agree to forego any right each may have had to a jury trial on issues so covered. Ms. Rivera and CVS also agree that such arbitration will be conducted before an experienced arbitrator chosen jointly, and will be conducted under the Federal Arbitration Act and the procedural rules of the American Arbitration Association unless agreed upon otherwise. The parties also agree that the filing fee and arbitrator fees for such arbitration will be paid by CVS, subject to reimbursement in full from Ms. Rivera should the arbitrator find that Ms. Rivera's claim or cause of action is frivolous and without merit.

12.     **CONFIDENTIALITY** - Ms. Rivera and her counsel agree to keep: (a) all of the terms and conditions of this Agreement and (b) all settlement negotiations and/or communications leading up to the execution of this Agreement strictly confidential. They further agree that they will not publicize, discuss, disclose, or in any way convey any such information in any manner, whether in writing, orally, or electronically (including online, web, or internet posts, pages, and blogs) to anyone unless compelled by law, except that Ms. Rivera may disclose the existence of this Agreement or any of the terms or conditions of this Agreement to her spouse, her attorney and her tax or financial advisor, and may disclose this Agreement to the Connecticut Employment Security Division solely in connection with any claim filed by her for unemployment benefits, if so required by an unemployment claims administrator. Ms. Rivera further agrees to take reasonable steps to ensure that any information concerning this Agreement which is disclosed to her spouse, her attorney and her tax or financial advisor will not be disclosed to any other third party, including, but not limited to, informing such persons that the terms and conditions of this Agreement are strictly confidential and that they may not be disclosed or discussed with anyone else.

Ms. Rivera and her counsel also agree that her counsel cannot use the settlement of the Lawsuit for any marketing or advertising purposes to other prospective clients. Plaintiff's counsel's websites, any marketing or social media materials created or used by Plaintiff's counsel, and any other statements to third parties (including members of the legal media) by members of Plaintiffs' counsel's law firm shall refer only to the fact of its representation of Plaintiff in the action captioned *Krystle Rivera v. CVS Pharmacy, Inc.*, Case No. 3:13-cv-01032-JCH, in the United States District Court for the District of Connecticut.

If CVS proves as determined by a Court of competent jurisdiction that Ms. Rivera violated the terms of this paragraph 12, Ms. Rivera will be required to pay CVS 50 percent of the total of the first settlement check described in paragraph 1 of this Agreement as liquidated damages.

13. **INJUNCTIVE RELIEF** - Without limiting the remedies available to CVS, Ms. Rivera acknowledges that a breach of any of the covenants contained in any of the section above labeled Confidentiality may result in irreparable injury to CVS for which there is no adequate remedy at law, that monetary relief will be inadequate, and that, in the event of such a breach or threat thereof, CVS shall be entitled to obtain, in addition to any other relief that may be available, a temporary restraining order and/or a preliminary or permanent injunction, restraining Ms. Rivera from engaging in activities prohibited by any of the covenants contained herein, as well as such other relief as may be required specifically to enforce any of the covenants contained herein, without the payment of any bond.

14. **NEUTRAL REFERENCE** - In the event that Ms. Rivera seeks to provide confirmation of her employment with CVS to a potential or future employer, CVS agrees that she may provide to the potential or future employer the automated telephone number, known as "The Work Number for Everyone," (800) 367-5690, company code 10259, to obtain a neutral reference including confirmation of her dates of employment and last position held with CVS.

15. **COOPERATION** - Ms. Rivera agrees to make herself reasonably available to CVS and/or its attorneys to assist in the prosecution or defense of any lawsuit, claim or charge by providing such information as she may have relating to such lawsuit, claim or charge and/or testifying in connection therewith.

16. **NO ADMISSION OF WRONGDOING** - Ms. Rivera and CVS agree this Agreement does not constitute an admission by CVS of any of the matters alleged in the Lawsuit or of any violation by CVS of any federal, state or local law, ordinance or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by CVS or any of its parents, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

17. **NO FAMILY AND MEDICAL LEAVE ACT CLAIMS** - Ms. Rivera acknowledges that CVS has provided her with any leave to which she may be or have been entitled under the

Family and Medical Leave Act. Ms. Rivera represents that she is not aware of any facts that would support a claim against any of the Released Parties for any violation of the Family and Medical Leave Act.

18. **WAIVER OF DAMAGES** - Nothing herein is intended to or shall interfere with Ms. Rivera's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing federal or state discrimination laws and/or cooperating with said agency in its investigation. Ms. Rivera, however, shall not be entitled to receive any relief, recovery or monies in connection with any complaint or charge brought against any of the Released Parties, without regard as to who brought any such complaint or charge.

19. **GOVERNING LAW** - This Agreement shall be governed by and conformed in accordance with the laws of the State of Connecticut without regard to its conflict of laws provision.

20. **COUNTERPARTS** - This Agreement may be executed in counterparts and each counterpart will be deemed an original.

21. **REPRESENTATION BY COUNSEL; UNDERSTANDING OF AGREEMENT** – Ms. Rivera acknowledges that CVS has instructed her to consult with her attorney and that she has, in fact, consulted with her attorney before signing this Agreement, and that she has been given a reasonable period of time in which to consider the terms of this Agreement before acting upon it. Ms. Rivera represents that she has carefully read and fully understands all of the provisions of this Agreement and that she has discussed all aspects of it with her attorney.

22. **SECTION HEADINGS** - Section headings contained in this Agreement are for convenience of reference only and shall not affect the meaning of any provision herein.

23. **SEVERABILITY** - Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Provided, however, if the Release of Claims provision of this Agreement (Paragraph 7) is found invalid, illegal, and/or unenforceable, Ms. Rivera agrees to provide CVS and the Released Parties a full and General Release of any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys' fees, whether known or unknown, which Ms. Rivera ever had, has, or which she or her heirs, executors, administrators, successors or assigns may have, prior to the date this Agreement is signed by Ms. Rivera, due to any matter whatsoever, that is not invalid, illegal and/or unenforceable, without payment of additional consideration. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

24. **ENTIRE AGREEMENT** - This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Ms. Rivera

acknowledges that she has not relied on any representations, promises or agreements of any kind made to her in connection with her decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. Any modification to this Agreement must be in writing and signed by Ms. Rivera and CVS's Sr. Vice President, Human Resources or his authorized representative.

    IN WITNESS WHEREOF, the parties knowingly and voluntarily executed this Agreement and General Release as of the date set forth below.

**KRYSTLE RIVERA**

_[signature]_

DATE: 9/30/13

**CVS PHARMACY, INC.**

BY: _[signature]_

DATE: 4 Oct 13

**ROME MCGUIGAN, P.C.**

BY: _[signature]_

DATE: 9/30/13

SO ORDERED.

Dated this 16th day of October, 2013 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

AM 23953272.3

7